IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEION MOORE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PRO TRANSPORT & LEASING, INC., )<br>et al. )<br>)<br>    Defendants. ) | Civ. Action No.: 2:16-cv-817-SRW |

## OPINION AND ORDER

This matter is before the court on plaintiff's motion to remand (Doc. 8), which is unopposed by defendants Pro Transport & Leasing, Inc. and Darrin Bullock (collectively "defendants"). This case was initially assigned to the undersigned as presiding judge, and the parties subsequently consented in writing to the exercise of final dispositive jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73(a). (Docs. 13-14). The motion to remand has been briefed and taken under submission without oral argument. For the reasons stated herein, the plaintiff's motion to remand is due to be GRANTED.

**I.    Legal standards**

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Griffith v. Wal-Mart Stores East, L.P.,

884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir.1999)). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Id. (citing Univ. of S. Ala., 168 F.3d at 411).

The removing party has the burden of establishing subject matter jurisdiction. Griffith, 884 F. Supp. 2d at 1221. "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Id.* (quoting Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F.Supp. 1388, 1389 (M.D. Ala.1998)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." Id. (quoting Lowe's at 1389).

**II.   Discussion**

Plaintiff initiated this suit on September 8, 2016 by filing a complaint in the Circuit Court for Montgomery County, Alabama. (Doc. 3-1). Plaintiff claims that, as a result of a September 10, 2014 automobile accident with defendant Bullock, he suffered "substantial" injuries. (Id.). Plaintiff seeks compensatory damages, as well as court costs and attorney's fees. (Id.). Plaintiff does not specify in his complaint the amount he intends to claim in damages and does not otherwise make a demand. (Id.).

Defendants filed their notice of removal, which is premised on diversity jurisdiction, on October 13, 2016. (Doc. 3). Defendants argue in their notice of removal that while plaintiff did not specify in his complaint the amount of damages he was seeking and had not otherwise made a demand, based on the nature of the complaint and plaintiff's ability

2

to seek punitive damages for some of the claims contained in his seven-count complaint, plaintiff's claims "likely exceed the $75,000 jurisdictional minimum." (Doc. 3 at 6). Defendant also argues in its notice of removal that plaintiff's failure to respond to requests for admission regarding the amount in controversy is evidence that he seeks damages in excess of the jurisdictional minimum. (Id.).

Plaintiff filed a motion to remand on November 11, 2016. (Doc. 8). Plaintiff states in his motion to remand that he seeks less than $75,000 in damages. (Id. at 2). Plaintiff also states that, at the time defendants filed their notice of removal, his responses to their requests for admission concerning the amount in controversy were not yet due, and that he has since provided the defendants with responses confirming that he seeks less than the jurisdictional minimum. (Id.). See also Doc. 8-1.

On November 22, 2016, defendants filed a response to plaintiff's motion to remand. (Doc. 11). In their response, they admit that "the minimum jurisdictional limit for the purposes of federal diversity jurisdiction is not met and the case is due to be remanded." (Id. at 1). The court agrees.

### III. Conclusion

Accordingly, for the foregoing reasons, it is

ORDERED as follows:

(1) The plaintiff's motion to remand (Doc. 8) is GRANTED;

(2) This case is remanded to the Circuit Court for Montgomery County, Alabama; and

(3) The Clerk of Court is DIRECTED to take the appropriate steps to effect the remand.

DONE, on this the 29th day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge